IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COREY MERRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-1134 |
| | ) |
| BRAINERD CHEMICAL | ) |
| COMPANY, INC., a domestic | ) |
| for-profit business corporation, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. No. 4). The Court GRANTS Defendant's Motion.

## DISCUSSION

**A. Background**

This case arises from Defendant's decision to terminate Plaintiff's employment after Plaintiff filed an EEOC Charge of Discrimination for disability discrimination. (Doc. 1, Ex. 2). Defendant has moved to dismiss Plaintiff's claim for failure to state a claim upon which relief may be granted.[1]

---

[1] In addition to moving to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, Defendant originally moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendant has since withdrawn that argument. (Doc. 8).

1

## B. Analysis

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A complaint must contain "sufficient factual matter, [which if] accepted as true . . . state[s] a claim to relief that is plausible on its face." *Id*. at 678 (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff has failed to state a claim upon which relief can be granted. It appears that failure is the result of a mix-up regarding specific statutes prohibiting employment-based retaliatory actions. Plaintiff alleges a violation of Title VII of the Civil Rights Act in his Complaint. (Doc. 1, Ex. 2). Specifically he alleges that "[h]e engaged in or was engaging in an activity protected under federal law, [which was] filing a charge of discrimination alleging *disability discrimination* and a failure to accommodate." (*Id.*) (emphasis added). The problem with Plaintiff's Complaint is straightforward: Title VII does not concern disability discrimination. Rather, Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e–2(a)(1). Title VII also has its own retaliation provision for those who have been retaliated against for participating in Title VII proceedings or opposing conduct made unlawful by Title VII. *See* 42 U.S.C. § 2000e–3(a).

If Plaintiff meant to allege that he was the victim of disability discrimination, he should have alleged claims under The Americans with Disabilities Act ("ADA"), which prohibits employers from discriminating against an "individual on the basis of disability . . . ." 42 U.S.C. § 12112(a). The ADA has its own retaliation provision as well. *See* 42

U.S.C. § 12203(a). Because Plaintiff alleged claims under Title VII, rather than the ADA, he failed to state a claim upon which relief could be granted.

Plaintiff, however, requests leave to amend in his Response. (Doc. 7, at 9). That request is granted for the purpose of allowing Plaintiff to amend his Complaint to conform to federal pleading requirements. Plaintiff may file an amended complaint on or before November 30, 2016.

IT IS SO ORDERED this 18th day of November 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE